# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR PADRON and <br> ALMA PADRON, <br>     *Plaintiffs* <br><br> v. <br><br> AMERICAN ECONOMY <br> INSURANCE COMPANY and <br> JANELLE JACKSON, <br>     *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 1:23-CV-00642-ADA-SH |

## ORDER

Before the Court is Defendant American Economy Insurance Company's Unopposed Motion for Leave to File its First Amended Answer, filed February 14, 2024 (Dkt. 11). On February 15, 2024, the District Court referred all motions in this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 12.

Plaintiffs Victor and Alma Padron sued Defendants American Economy Insurance Company ("AEIC") and Janelle Jackson in the 345th District Court of Texas on April 11, 2023. Dkt. 1-1 at 2. Plaintiffs allege that AEIC, through Jackson as its adjuster, wrongfully denied their insurance claims after their home was damaged in a storm. Plaintiffs assert claims for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. AEIC filed an answer with a general denial of all allegations in state court before removing the case to this Court on June 7, 2023. *Id.* at 23; Notice of Removal, Dkt. 1. AEIC now asks for leave to file an amended answer.

Rule 15(a) permits a party to amend its pleading "once as a matter of course" within certain time periods, but afterward "only with the opposing party's written consent or the court's leave."

Courts must "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court must provide a substantial reason to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Without a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted).

AEIC seeks leave to amend its answer "to conform to federal court pleading and practice requirements by admitting or denying each allegation" and to "assert additional defenses." Dkt. 11 at 2. The deadline to file all motions to amend pleadings was February 16, 2024. Scheduling Order, Dkt. 9 at 1. AEIC filed its motion before the deadline, and Plaintiffs do not oppose the motion. Dkt. 11 at 3. The Court finds that there is no substantial reason that would justify denial of leave to amend. *N. Cypress Med. Ctr.*, 898 F.3d at 477.

The Court **GRANTS** Defendant American Economy Insurance Company's Unopposed Motion for Leave to File its First Amended Answer (Dkt. 11) and **ORDERS** the Clerk to file American Economy Insurance Company's First Amended Answer at Dkt. 11-1.

**SIGNED** on February 26, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE