# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR PADRON and ALMA PADRON, *Plaintiffs* | § § § § | |
| v. | § § | Case No. 1:23-CV-00642-ADA-SH |
| AMERICAN ECONOMY INSURANCE COMPANY and JANELLE JACKSON, *Defendants* | § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE[1]

**TO:**   THE HONORABLE ALAN D. ALBRIGHT
         UNITED STATES DISTRICT JUDGE

Plaintiffs Victor and Alma Padron sued Defendants American Economy Insurance Company ("AEIC") and Janelle Jackson in Texas state court on April 11, 2023. Dkt. 1-1 at 2. Plaintiffs allege that AEIC, through Jackson as its adjuster, wrongfully denied their insurance claims after their home was damaged by wind and hail. *Id.* ¶¶ 6.2-6.3. Jackson has neither been served nor appeared.

AEIC elected to accept any liability for Jackson's acts or omissions under Texas Insurance Code § 542A.006 on May 16, 2023. Dkt. 1-3. On June 7, 2023, AEIC removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

---

[1] The District Court referred this case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions under 28 U.S.C. § 636(b)(1). Dkt. 12

1

Based on Plaintiffs' allegations, AEIC states that the amount in controversy exceeds $75,000. Dkt. 1 ¶ 3. Plaintiffs are citizens and residents of Texas. Dkt. 1-1 ¶ 2.1. AEIC is an Indiana corporation with its principal place of business in Boston, Massachusetts. Dkt. 1 ¶ 4. Jackson is a Texas citizen and so is not diverse from Plaintiffs, but in its Notice of Removal, AEIC argues that Jackson was improperly joined at the time of removal and must be dismissed from this action under § 542A.006(c). *Id.* Plaintiffs have not moved to remand or otherwise contested removal.

The improper joinder doctrine is "a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction under 28 U.S.C. § 1332." *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 943 (S.D. Tex. 2019). If a non-diverse defendant is improperly joined, the court "may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). A defendant is improperly joined if the plaintiff cannot establish a cause of action against her in state court because there is no possibility of recovery. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Texas Insurance Code Chapter 542A applies to actions regarding first-party insurance claims arising from damage caused by hail and wind. Tex. Ins. Code. §§ 542A.001(2), 542A.002(a). Section 542A.006(a) permits an insurer to accept all liability a claimant might have against one of its agents for that agent's acts or omissions related to the claim by providing written notice. Section 542A.006(c) requires a court to dismiss with prejudice any action against an agent if the insurer accepts liability after the action is filed. A plaintiff has no possibility of recovery against an agent of an insurer after the insurer elects to accept liability for that agent under § 542A.006(a). *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 475 (5th Cir. 2022).

AEIC elected to accept Jackson's liability under § 542A.006(a) before removing this case. Plaintiffs assert no claims against Jackson that are not related to her "acts or omissions related to the claim" under § 542A.006(a). Therefore, the Court recommends that she be dismissed under 542A.006(c). *Jiang v. Travelers Home & Marine Ins.*, No. 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018).

## Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiffs Victor and Alma Padron's claims against Defendant Janelle Jackson.

## Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 24, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE